IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**VICTOR JACKSON,**

      **Plaintiff,**

v.                                                     Civil Action No. 3:24cv330

**NEW KENT CIRCUIT COURT,** *et al.*,

      **Defendants.**

## MEMORANDUM OPINION

This matter is before the Court on *pro se* Plaintiff Victor Jackson's Amended Complaint. (ECF No. 16.)

Mr. Jackson's Amended Complaint offends Federal Rule of Civil Procedure 8, which requires a short and plain statement of the grounds for this Court's jurisdiction and a statement of the claims showing that the plaintiff is entitled to relief. The Amended Complaint also fails to comply with the Court's June 4, 2024 directives regarding the Amended Complaint. (ECF No. 7.)

On June 4, 2024, the Court ordered that Mr. Jackson file an Amended Complaint "which outlines in simple and straightforward terms why Mr. Jackson thinks that he is entitled to relief and why the Court has jurisdiction over his case." (ECF No. 7, at 1.) The Court ordered that the Amended Complaint comply with the following directions:

1. At the very top of the amended pleading, Mr. Jackson must place the following caption in all capital letters: "AMENDED COMPLAINT FOR CIVIL ACTION NUMBER: 3:24cv330."

2. The first paragraph of the particularized amended complaint must contain a list of defendant(s). Thereafter, in the body of the particularized amended complaint, **Mr. Jackson must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief.** Thereafter, **in**

>   **separately captioned sections, Mr. Jackson must clearly identify each federal or state law allegedly violated.** Under each section, Mr. Jackson must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized amended complaint that support that assertion.
>
> 3. Mr. Jackson shall also include the relief he requests – what in the law is called a "prayer for relief."
>
> 4. The particularized amended complaint must stand or fall on its own accord. Mr. Jackson may not reference statements in the prior complaint.
>
> 5. The particularized amended complaint must **omit any unnecessary incorporation of factual allegations** for particular claims and **any claim against any defendant that is not well-grounded in the law and fact.** See Sewraz v. Guice, No. 3:08cv35 (RLW), 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008).

(ECF No. 7, at 1–2 (emphasis added).) The Court advised Mr. Jackson that "the failure to strictly comply with the Court's directives and with applicable rules will result in DISMISSAL OF THIS ACTION WITHOUT PREJUDICE." (ECF No. 7, at 2 (emphasis in original).)

The Court finds that Mr. Jackson's Amended Complaint does not comply with the clear instructions set forth in the Court's June 4, 2024 Order. (ECF No. 7.) Specifically, the Amended Complaint, which is discursive and difficult to decipher, (1) does not clearly "set forth [the statement of facts] . . . giving rise to his claims for relief;" (2) does not "explain why he believes each defendant is liable to him . . . [and] reference the specific numbered factual paragraphs in the body of the particularized amended complaint that support that assertion;" and, (3) does not "omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well grounded in the law and fact." (ECF No. 7, at 1–2.) Pursuant to Federal Rule 41(b), the Court may dismiss an action when a plaintiff fails to comply with a court order. See Fed. R. Civ. P. 41(b); Zaczek v. Fauquier Cty., 764 F. Supp. 1071, 1075

n.16 (E.D. Va. 1992) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)) (explaining that a court may "act on its own initiative" with respect to dismissal under Federal Rule 41(b)).

Accordingly, Mr. Jackson's Amended Complaint is DISMISSED WITHOUT PREJUDICE. (ECF No. 16.) Defendant New Kent Circuit Court's Motion to Dismiss is DENIED AS MOOT. (ECF No. 18.) Mr. Jackson's Motion for Default Judg[]ment Proper Service Has Been Made is DENIED AS MOOT. (ECF No. 21.)

An appropriate Order shall issue.

It is SO ORDERED.

Date: 8/13/24
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge