IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**VICTOR JACKSON,**

    **Plaintiff,**

v.                                                                                        Civil Action No. 3:24cv330

**NEW KENT CIRCUIT COURT,** *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

This matter is before the Court on two motions: (1) *pro se* Plaintiff Victor Jackson's Motion for Reconsideration (the "Motion for Reconsideration" or the "Motion") and (2) Mr. Jackson's "Motion to Add Evidence." (ECF Nos. 25, 30.) For the reasons articulated below, the Court will deny both Motions.

### I. Factual and Procedural Background

#### A. Summary of Allegations

In the Motion for Reconsideration, Mr. Jackson repeats his allegations made in his original Complaint and his Amended Complaint. (ECF No. 1, 16.) As in his prior Complaints, Mr. Jackson argues that he has "been denied as a pattern and practice by New Kent County Circuit Court, Juvenile Domestic Relations [C]ourt, [and] New Kent County Sheriff's Department as well as [V]ictim[] [W]itness [P]rotection [P]rogram" due to his "race . . . and sex." (ECF No. 25, at 1; *see also* ECF No. 1, at 4; ECF No. 16, at 1.)

#### B. Procedural History

On May 1, 2024, Mr. Jackson filed his initial Complaint. (ECF No. 1.) On June 4, 2024, the Court concluded that this Complaint "offends Federal Rule of Civil Procedure 8, which

requires a short and plaint statement of the grounds for this Court's jurisdiction and the Plaintiff's claim for relief." (ECF No. 7, at 1.) As a result, the Court ordered Mr. Jackson to file an Amended Complaint "which outlines in simple and straightforward terms why Mr. Jackson thinks that he is entitled to relief and why the Court has jurisdiction over his case." (ECF No. 7, at 1.) The Court further ordered that the Amended Complaint comply with the following directions:

1. At the very top of the amended pleading, Mr. Jackson must place the following caption in all capital letters: "AMENDED COMPLAINT FOR CIVIL ACTION NUMBER: 3:24cv330."

2. The first paragraph of the particularized amended complaint must contain a list of defendant(s). Thereafter, in the body of the particularized amended complaint, **Mr. Jackson must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief.** Thereafter, **in separately captioned sections, Mr. Jackson must clearly identify each federal or state law allegedly violated.** Under each section, Mr. Jackson must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized amended complaint that support that assertion.

3. Mr. Jackson shall also include the relief he requests – what in the law is called a "prayer for relief."

4. The particularized amended complaint must stand or fall on its own accord. Mr. Jackson may not reference statements in the prior complaint.

5. The particularized amended complaint must **omit any unnecessary incorporation of factual allegations** for particular claims and **any claim against any defendant that is not well-grounded in the law and fact.** *See Sewraz v. Guice*, No. 3:08cv35 (RLW), 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008).

(ECF No. 7, at 1–2 (emphasis added).) The Court advised Mr. Jackson that "the failure to strictly comply with the Court's directives and with applicable rules will result in DISMISSAL OF THIS ACTION WITHOUT PREJUDICE." (ECF No. 7, at 2 (emphasis in original).)

2

On July 2, 2024, Mr. Jackson timely filed an Amended Complaint. (ECF No. 16.) On August 13, 2024, the Court concluded that the "Amended Complaint offends Federal Rule of Civil Procedure 8", and also "also fails to comply with the Court's June 4, 2024 directives regarding the Amended Complaint." (ECF No. 23, at 1 (citing ECF No. 7).) As a result, the Court dismissed the Amended Complaint without prejudice. (ECF No. 23, at 3.)

## II. Standard of Review

Because Mr. Jackson proceeds *pro se*, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted)). "This principle of liberal construction, however, has its limits." *Suggs v. M & T Bank*, 230 F. Supp. 3d 458, 461 (E.D. Va. 2017), *aff'd sub nom. Suggs v. M&T Bank*, 694 F. App'x 180 (4th Cir. 2017). A *pro se* plaintiff must allege facts sufficient to state a cause of action. *Bracey*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (citation omitted). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint." *Newkirk v. Circuit Ct. of Hampton*, No. 3:14cv372 (HEH), 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

## III. Analysis

Mr. Jackson's Motion for Reconsideration fails to justify a reversal of this Court's August 13, 2023 Memorandum Opinion and Final Order. (ECF Nos. 23, 24.)

Mr. Jackson does not identify the federal rule under which he brings the Motion for Reconsideration. Because Mr. Jackson filed the Motion for Reconsideration within twenty-eight

3

days of the Court's August 13, 2023 Memorandum Opinion and Order dismissing his case, the Court will construe the Motion for Reconsideration as a motion brought pursuant to Rule 59(e).

### A. Mr. Jackson's Claims Do Not Require an Extraordinary Remedy As Provided for in Rule 59(e)

Because Mr. Jackson bases his Motion for Reconsideration solely on disagreement with the Court's prior decisions, and because he attempts to relitigate old claims, he fails to demonstrate a need for the extraordinary remedy Federal Rule of Civil Procedure 59(e) provides.

#### 1. Standard of Review: Rule 59(e)

Federal Rule of Civil Procedure 59(e) states, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). "The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). In short, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion[.]" *Smith v. Donahoe*, 917 F. Supp. 2d 562, 572 (E.D. Va. 2013) (citing *Pac. Ins. Co.*, 148 F.3d at 403). Rule 59(e) does not "give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) (observing that plaintiff's brief in support of his motion to alter or amend the judgment was "no more than an expression of a view of the law contrary to that set forth in the Court's opinion," and thus the court had no proper basis to alter or amend its previous order). "[T]he purpose of [a] Rule 59(e) motion is to allow a district court to correct its own errors,

4

sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Smith*, 917 F. Supp. 2d at 572 (internal quotation marks and citations omitted).

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Federal Rule of Civil Procedure 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhauser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991).

Given Mr. Jackson's *pro se* status, the Court considers whether the Motion addresses a change in controlling law, the emergence of new evidence, or the prevention of manifest injustice—the three grounds for relief under Rule 59(e). *See id.* (citations omitted); *Bracey*, 55 F. Supp. 2d at 421.

### 2. The Court Must Deny the Motion for Reconsideration Because it Relitigates Old Claims and Fails to Satisfy Any of the Three Requirements under Rule 59(e)

Of overriding concern to the Court, the entirety of Mr. Jackson's Motion simply relitigates old claims. Mr. Jackson's Motion for Reconsideration falters on the first ground for relief because he does not identify "an intervening change in controlling law" since this Court's decision on August 13, 2024. *See Hutchinson*, 994 F.2d at 1081 (citations omitted). Second, although Mr. Jackson filed a "Motion to Add New Evidence" which he claims provides "[e]vidence of some of [his] medical damages for compensation and injury", (ECF No. 30, at 1), this case never proceeded beyond the filing of Mr. Jackson's Amended Complaint, and therefore such evidence cannot constitute "new evidence not available at trial." *Hutchinson*, 994 F.2d at 1081. Third and finally, Mr. Jackson fails to demonstrate a need to "correct a clear error of law or prevent manifest injustice." *See id.* Mr. Jackson's Motion for Reconsideration merely raises the

5

same broad allegations as provided in his Complaint and Amended Complaint, and fails to establish that this Court has erred in its ruling on the law.

To properly plead a Rule 59(e) motion, Mr. Jackson must state "more than an expression of a view of the law contrary to that set forth in the Court's opinion." *See Durkin*, 444 F. Supp. at 889. He does not. Because the Motion for Reconsideration cannot meet any of the three grounds for relief under Rule 59(e), modification of the Court's August 13, 2023 Opinion would be an "extraordinary remedy" unwarranted in this case. *See Pac. Ins. Co.*, 148 F.3d at 403.

### VI. Conclusion

For the foregoing reasons, the Court will deny Mr. Jackson's Motion for Reconsideration. (ECF No. 25.) The Court will also deny Mr. Jackson's Motion to Add New Evidence. (ECF No. 40.)

An appropriate Order shall issue.

Date: 10/15/24　　　　　　　　　　　　　　　　/s/
Richmond, Virginia　　　　　　　　　　　　　M. Hannah Lauck
　　　　　　　　　　　　　　　　　　　　　United States District Judge